1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8
9  BRIAN KEITH STAFFORD,                    CASE NO. 1:09-cv-02042-SMS PC

10                    Plaintiff,            ORDER DISMISSING AMENDED
                                            COMPLAINT, WITH LEAVE TO FILE
11         v.                               SECOND AMENDED COMPLAINT, LIMITED
                                            TO EQUAL PROTECTION CLAIM
12  JAMES HARTLEY, et al.,
                                            (Doc. 8)
13                    Defendants.
                                            THIRTY-DAY DEADLINE
14  _____/

15
                              **Screening Order**
16

17  **I.    Screening Requirement**

18         Plaintiff Brian Keith Stafford ("Plaintiff"), a state prisoner proceeding pro se and in forma

19  pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 20, 2009.  Pending

20  before the Court is Plaintiff's amended complaint, filed on December 10, 2009.[1,2]

21         The Court is required to screen complaints brought by prisoners seeking relief against a

22  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

26  _____

    [1] Plaintiff's original complaint was stricken from the record for lack of signature.

27
    [2] In his amended complaint, Stafford attempts to add Kim Craword as a co-plaintiff.  Crawford did not sign
28  the complaint and the basis for the attempted addition of Crawford is not clear from the factual allegations.  This
    action was initiated by Stafford and shall continue with Stafford as the sole plaintiff.

1  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

2  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

3  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

4        A complaint must contain "a short and plain statement of the claim showing that the pleader

5  is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

6  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

7  do not suffice," Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic

8  Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to

9  indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)

10 (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal

11 conclusions are not.  Iqbal, 129 S.Ct. at 1949.

12       Under section 1983, Plaintiff must demonstrate that each defendant personally participated

13 in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires

14 the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct.

15 at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility

16 of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss,

17 572 F.3d at 969.

18 **II.**   **Plaintiff's Claims**

19      **A.**   **Allegations**

20       Plaintiff, an inmate incarcerated at Avenal State Prison, is attempting to pursue claims arising

21 from the policy or regulation allowing appeals coordinators to screen out inmate appeals if they are

22 not filed within fifteen days of the event being appealed, and the policy or rule precluding inmates

23 serving life sentences from holding certain jobs.  Plaintiff contends that he is being discriminated

24 against by the "underground policy" pertaining to inmates with life terms and employment, and that

25 the policy or rule violates sections 3004 and 3022 of Title 15 of the California Code of Regulations.[3]

26 ///

27

28      [3] Plaintiff apparently takes issue with the policy or rule that disallows inmates serving life terms from leaving their assigned facility for a prison job.  (Doc. 8, Amend. Comp., court record p. 8.)

Plaintiff names Warden James Hartley; Appeals Coordinators N. Lopez, H. R. Allison, and J. Hill; Lieutenant Estrada; and Associate Warden R. Ndoh as defendants, and Plaintiff is seeking damages and injunctive relief.

### B.   Rejection of Inmate Appeal

The refusal to process Plaintiff's inmate appeal on the ground that it was untimely provides no basis for the imposition of liability under section 1983.  Inmates have no entitlement to a grievance procedure and therefore, the decision to screen out Plaintiff's appeal does not violate any federally protected right.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001).  The deficiencies in this claim are not curable and it is dismissed, with prejudice.

### C.   Discrimination

Section 3004(c), entitled "Rights and Respect of Others," prohibits, in relevant part, discrimination based on "race, religion, nationality, sex, political belief, age, or physical or mental handicap," and section 3022, entitled "Equality of Inmates," provides that no inmate or group of inmates will be given or be permitted to assume control over other inmates."  Cal. Code Regs., tit. 15 §§ 3004(c), 3022 (West 2010).  Violations of state regulations are not sufficient to support a claim under section 1983, Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009); Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997), but regardless, neither regulation prohibits a rule or policy disallowing inmates serving life sentences from working in certain jobs, despite Plaintiff's assertion to the contrary.  To the extent Plaintiff is trying to base a discrimination claim on Title 15 regulations, the claim is dismissed, with prejudice.

Plaintiff does not have a right to a job or program opportunities in prison.  Sandin v. Connor, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1997); Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1995).  However, Plaintiff does have a constitutional right to be free from unlawful discrimination.  With respect to the type of discrimination at issue here, the Equal Protection Clause of the Fourteenth Amendment may be invoked only where similarly situated individuals are being intentionally treated differently without a rational relationship to a legitimate state purpose.  Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02,

1    128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000);

2    Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of

3    Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

4          Inmates serving life sentences are not similarly situated to inmates serving non-life terms,

5    and Plaintiff does not allege otherwise.  Further, the complaint is devoid of any allegations

6    suggesting that prison officials lack a legitimate governmental purpose in distinguishing between

7    groups of inmates based on their commitment terms when it comes to prison employment

8    opportunities.  For these reasons, Plaintiff's equal protection claim fails.  The Court will provide

9    Plaintiff one opportunity to amend this claim, to the extent the deficiencies are, in good faith,

10   curable.

11   **III.    Conclusion and Order**

12         Plaintiff's amended complaint fails to state any claims under section 1983.  The Court will

13   grant Plaintiff an opportunity to file a second amended complaint, limited to curing the deficiencies

14   in his equal protection claim.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff

15   may not change the nature of this suit by adding new, unrelated claims in his second amended

16   complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

17         Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state

18   what each named defendant did that led to the deprivation of Plaintiff's constitutional or other

19   federal rights, Iqbal, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must

20   be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555

21   (citations omitted).

22         Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114

23   F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be

24   "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

25   Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an

26   amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand,

27   644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

28   ///

Based on the foregoing, it is HEREBY ORDERED that:

1.  Plaintiff's claim based on the failure to process his inmate appeal is dismissed, with prejudice, for failure to state a claim;

2.  Plaintiff's claim arising from the violation of state regulations is dismissed, with prejudice, for failure to state a claim;

3.  Plaintiff's amended complaint, filed December 10, 2009, is dismissed for failure to state a claim;

4.  The Clerk's Office shall send Plaintiff a civil rights complaint form;

5.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint, limited to curing his deficient equal protection claim; and

6.  If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   **February 7, 2011**   	_____/s/ Sandra M. Snyder_____
UNITED STATES MAGISTRATE JUDGE