# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KEITH STAFFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES HARTLEY, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:09-cv-02042-SMS PC<br><br>ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983, AND DIRECTING CLERK TO ENTER JUDGMENT AND CLOSE CASE<br><br>(Doc. 12)<br><br>ORDER COUNTING DISMISSAL AS A STRIKE UNDER 28 U.S.C. § 1915(G) |

**Screening Order and Dismissal**

**I.   Screening Requirement and Standard**

    Plaintiff Brian Keith Stafford ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 20, 2009. On February 8, 2011, the Court screened Plaintiff's amended complaint and dismissed it with leave to amend for failure to state any claims under section 1983.[1]  Now pending before the Court is Plaintiff's second amended complaint, filed March 11, 2011.

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims

---

[1] Plaintiff's original complaint was stricken from the record for lack of signature.

1

that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

## II.     Plaintiff's Equal Protection Claim

Plaintiff is an inmate housed at Avenal State Prison. Plaintiff seeks to hold Appeals Coordinators N. Lopez, H. R. Allison, and Jack Hill; Lieutenant Estrada; and Associate Warden R. Ndoh liable for the violation of his rights under the United States Constitution. Plaintiff's sole claim is one for violation of the Equal Protection Clause of the Fourteenth Amendment. Plaintiff claims that different groups of inmates have unequal access to the available prison programs and job opportunities.

Plaintiff is a general population inmate and has limited opportunities to participate in programs and job assignments. Protective custody inmates, on the other hand, have more

opportunities to participate in programs, including the vocational opportunities and self-help programs being cut for general population inmates. Plaintiff alleges that protective custody inmates are essentially being rewarded for being child molesters, rapists, informants, and gang dropouts while general population inmates have fewer opportunities to participate in these programs, which are required by the parole board. Plaintiff also alleges that due to the large Hispanic and black inmate population, general population inmates are subject to quotas.

As Plaintiff was previously informed, he does not have a right to a job or other program opportunities in prison, Sandin v. Connor, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1997); Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1995), but he does have a constitutional right to be free from unlawful discrimination, e.g., City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). In a situation such as this, the Equal Protection Clause may be invoked only where similarly situated individuals are being intentionally treated differently without a rational relationship to a legitimate state purpose.[2] Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

In Plaintiff's previous complaint, he compared inmates serving life sentences to those serving non-life terms, and the Court stated that inmates serving life sentences are not similarly situated to inmates serving non-life terms and Plaintiff did not allege otherwise. (Doc. 11, Screening Order, 4:4-5.) This time, Plaintiff compares the privileges afforded those in protective custody to those in general population. Again, there is no indication that the two groups are similarly situated or that prison officials lack a legitimate governmental purpose in distinguishing between groups of inmates based on their custody, classification, and/or housing status when it comes to prison employment and

---

[2] Neither Plaintiff's first amended complaint nor his second amended complaint set forth any allegation of intentional discrimination based upon membership in a protected class, and Plaintiff's vague allegation of a quota does not support a claim under such a theory. E.g., Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

3

other program opportunities. Further, the defendants named in the second amended complaint are not linked to the policies or practices Plaintiff challenges as unconstitutional. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969. Accordingly, Plaintiff fails to state a claim for denial of equal protection.

### III. Conclusion and Order

Plaintiff's second amended complaint fails to state a claim upon which relief may be granted under section 1983. Plaintiff was previously notified of the deficiencies in his equal protection claim and provided with the opportunity to amend. Plaintiff was unable to do so and based on the allegations in his second amended complaint, further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, it is HEREBY ORDERED that:

1. This action is dismissed, with prejudice, for failure to state a claim under section 1983;

2. This dismissal shall count as a strike under 28 U.S.C. § 1915(g); and

3. The Clerk of the Court shall enter judgment and close this case.

IT IS SO ORDERED.

**Dated:    March 18, 2011**                    /s/ Sandra M. Snyder
                                                                UNITED STATES MAGISTRATE JUDGE